# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ZHAOYOU CHEN,** | |
| Plaintiff, | Case No. __**1:24-cv-7164**__ |
| *~ versus ~* | |
| **AFEAVIDA0,** *et al.,* | **District Judge** Honorable Sara L. Ellis |
| Defendant. | **Magistrate Judge** Keri L. Holle Hotaling |
| **TIGEJOY**, *et al.,* | |
| Counterclaim-Plaintiffs, | |
| *~ versus ~* | |
| **ZHAOYOU CHEN,** *et al.,* | |
| Counterclaim-Defendant. | |

**MEMORANDUM OF LAW** *by*
**DEFENDANTS TIGEJOY, KIFIRAY, SECURE-4U, RICHAT,
BYOFI, WIKT, HAIKUNG, LINSTOCK AND YINYOHOME**
*in support of*
**OPPOSED MOTION TO VACATE PRELIMINARY INJUNCTION**

i

## A        <u>**Table of Contents**</u>

**B.**   **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C.**   **Introduction and Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**D.**   **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   Procedural Requirements for Entry of
Preliminary Injunction were not met . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     a.   Lack of Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     b.   Lack of Specificity . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.   Plaintiff does not have a
Reasonable Likelihood of Success on the Merits . . . . . . . . . . . . . . . . . . . 7

     a.   Standard for
"Reasonable Likelihood" of Success . . . . . . . . . . . . . . . . 7

     b.   Arguments in Motion for Judgment on Pleadings
Incorporated by Reference . . . . . . . . . . . . . . . . . . . . . . . . 8

III.   Other Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     a.   Thirty (30) Month Delay Negates
Plaintiff's Claim of Irreparable Harm . . . . . . . . . . . . . . . . 9

     b.   Balance of Hardship
Tips in Defendants' Favor . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.   In the Alternative the Bond
Should be Raised to $2,500,000.00 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**E.**   **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**B.** __Table of Authorities__

# TABLE OF AUTHORITIES

## US SUPREME COURT CASES

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers No. 70 of Alameda County*,
  415 U.S. 423; 94 S. Ct. 1113; 39 L. Ed. 2d 435 (1974)........................................................ 3

## FEDERAL CASES

*Abbott Labs. v. Sandoz, Inc.*,
  544 F.3d 1341 (Fed. Cir. 2008)............................................................................................. 7

*ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*,
  51 F.4th 1365 (Fed. Cir. 2022) ............................................................................................. 3

*ABC Corp. I v. The P'ships & Unincorporated Assn's Identified on Schedule "A"*,
  Case No. 1:20-cv-4806 (N.D.Ill.) ......................................................................................... 2

*Apple, Inc. v. Samsung Elecs. Co.*,
  678 F.3d 1314 (Fed. Cir. 2012)............................................................................................. 9

*Coyne-Delany Co. v. Capital Dev. Bd.*,
  717 F.2d 385 (7th Cir. 1983) .............................................................................................. 13

*FTC v. Lifewatch Inc.*,
  176 F. Supp. 3d 757 (N.D. Ill. 2016) .................................................................................. 11

*Habitat Educ. Ctr. v. United States Forest Serv.*,
  607 F.3d 453 (7th Cir. 2010) .............................................................................................. 14

*Hangzhou Chic Intelligent Tech Co. v. P'ships & Unincorporated Ass'ns, Case - 4806*,
  2024 U.S. Dist. LEXIS 117034 (N.D. Ill. July 2, 2024)........................................................ 4

*Hupp v. Siroflex of Am., Inc.*,
  122 F.3d 1456 (Fed. Cir. 1997)............................................................................................ 13

*Illinois ex rel. Hartigan v. Peters*,
  871 F.2d 1336 (7th Cir. 1989) .............................................................................................. 3

*Jeagr Ventures, LLC v. Doe*,
  Case No. 21-cv-5900; 2022 U.S. Dist. LEXIS 83291 (N.D. Ill. May 9, 2022).................... 8

*Lake Shore Asset Management Ltd. v. Commodity Futures Trading Commission*,
    511 F.3d 762 (7th Cir. 2007) ................................................................................ 3

*Mead Johnson & Co. v. Abbott Laboratories*,
    201 F.3d 883 (7th Cir. 2000) ............................................................................. 14

*Murata Mach. USA v. Daifuku Co.*,
    830 F.3d 1357 (Fed. Cir. 2016) ........................................................................... 5

*Nutrition 21 v. United States*,
    930 F.2d 867 (Fed. Cir. 1991) ............................................................................. 9

*Redbox Automated Retail, LLC v. Xpress Retail LLC*,
    310 F. Supp. 3d 949 (N.D. Ill. 2018) ................................................................. 9

*Roper Corp. v. Litton Sys.*,
    757 F.2d 1266 (Fed. Cir. 1985) ........................................................................... 7

*Ty, Inc. v. Jones Group, Inc.*,
    237 F.3d 891 (7th Cir. 2001) ............................................................................. 9

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 52(a)(3) .......................................................... 4

Federal Rules of Civil Procedure Rule 65(a) .............................................................. 3

## C.    <u>Introduction and Procedural Background</u>

Plaintiff docketed a Complaint (ECF 1) on August 13, 2024, with virtually all relevant information about the claims it purports to make under Seal (ECF 2-5). As of the filing of this Motion, "Exhibit 2" remains under Seal and unavailable to Counsel, *See* ECF 4.

The plaintiff moved for a Temporary Restraining Order (ECF Nos. 8-11) on August 14, 2024, which this Court granted on August 26, 2024, without Notice to any Defendants and with only a token bond, ECF 16.

Defendants purported to serve the Defendants on September 6, 2024 (ECF 22) and moved that same day – a Friday – for a Temporary Restraining Order, which was Noticed for September 11, 2024. *Two business days later*, before the exhaustion of time to reply provided in the Notice of Presentment, and smack in middle of the Holiday season (中秋節 – the Mid-Autumn festival) the Honorable Court entered the Preliminary Injunction (ECF 24 and 25).

The moving Defendants engaged in good faith with Counsel for the Plaintiff including the exchange of proposals, efforts to pare down the number of Defendants, and other good faith settlement discussions. However, despite the moving Defendants' best efforts, they have been unable to resolve this dispute with respect to any of the moving Defendants.

On an emergency basis, and immediately after the Holiday Season when the moving Defendants were able to prepare the information necessary for the filings, the moving Defendants Answered and Counterclaimed (ECF No. 30) and Moved for Judgment on the Pleadings (ECF Nos. 32-33). While the Appeal is pending, and consistent with Federal Circuit practice that Motions to Modify/Vacate should be first presented to the District Judge, the moving Defendants now respectfully move on an emergency basis to Vacate the Preliminary Injunction and, alternatively, raise the bond.

## C.      Argument

### I.      Procedural Requirements for Entry of Preliminary Injunction were not met

#### a.      Lack of Notice

The Temporary Restraining Order was issued August 26, 2024, before any Defendant was served or had knowledge of this lawsuit, ECF No. 16.  A few days later, the Plaintiff purported to serve the Complaint and said:

> "**PLEASE TAKE NOTICE** that on Wednesday, September 11, 2024, at 9:45 a.m., Plaintiff, by its counsel, shall appear by telephone, according to the Court's standard procedure, before the Honorable Judge Sara L. Ellis, and present Plaintiff's Motion For Entry Of A Preliminary Injunction As To All Remaining Defendants."

> NOTICE OF MOTION, ECF No. 21.

However, before the return date on the Preliminary Injunction, the Court granted the Plaintiff's motion for preliminary injunction (ECF No. 24) even though at least two of the moving Defendants were in the process of entering their appearances (ECF Nos 23, 26), and were prepared to challenge the entry of the Preliminary Injunction at the scheduled Hearing.

The Federal Circuit has addressed this specific scenario and determined that under either Federal Circuit or Seventh Circuit precedent, the Rule 65 Notice requirement before entry of a preliminary injunction must be complied with for an injunction to be issued in patent cases.

The case addressed by the Federal Circuit played out as follows:  On Friday, November 20, 2020, the Plaintiff filed a Motion for a Preliminary Injunction under Seal, *ABC Corp. I v. The P'ships & Unincorporated Assn's Identified on Schedule "A"*, Case No. 1:20-cv-4806 (N.D.Ill.)(ECF. 105-110).  With no evidence that the Defendants were served with Notice of the presentment of the Motion and with no objection having been filed, District Judge Durkin

2

entered a Preliminary Injunction on the following Tuesday, November 24, 2020, *ABC Corp.* (ECF Nos. 112-13).

The Defendants impacted by the Preliminary Injunction appealed "on the ground that the notice requirement of Federal Rule of Civil Procedure 65(a) was not met [because] Rule 65(a) permits a court to enter a preliminary injunction 'only on notice to the adverse party.' " *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, 51 F.4th 1365, 1375 (Fed. Cir. 2022).

The Federal Circuit agreed. It held: "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *ABC Corp. I*, 51 F.4d at 1375-76 *quoting Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers No. 70 of Alameda County*, 415 U.S. 423, 432 n.7, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974). *ABC Corp. I*, also cited a case from the Seventh Circuit to confirm this a universal rule, namely *Illinois ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989).

To put a fine point on its application to "Schedule A" cases, the Federal Circuit confirmed that:

> "In the context of nonparties being brought under the restrictions of an injunction based on a determination that they are in active concert with parties, the Seventh Circuit has explained that the determination 'may be made only after the person in question is given notice and an opportunity to be heard.' "

*ABC Corp. I*, 51 F.4d at 1376 *citing Lake Shore Asset Management Ltd. v. Commodity Futures Trading Commission*, 511 F.3d 762, 767 (7th Cir. 2007).

Indeed, on remand to District Judge Durkin, and with an opportunity to be heard, the renewed Motion for a Preliminary Injunction was denied and the bond was paid to the

Defendants as damages, *See Hangzhou Chic Intelligent Tech Co. v. P'ships & Unincorporated Ass'ns*, Case No. 20-cv- 4806, 2024 U.S. Dist. LEXIS 117034, at *4 (N.D. Ill. July 2, 2024)(Durkin, *J.*)

The snap and invalid Preliminary Injunction in this case – just like *ABC Corp. I* – was issued without due notice to the Defendants, on the same Friday-Tuesday decision schedule, and even before the Notice Date proffered by the Plaintiff themselves.

Even the two diligent Defendants who timely appeared to challenge the preliminary injunction at the Wednesday hearing, were left empty-handed as the Court decided the Motion for a Preliminary Injunction before any Hearing or opportunity for the Defendants to appear and be heard to challenge the imposition of the Preliminary Injunction.

For that reason, the moving Defendants respectfully submit that the Preliminary Injunction should be vacated and the matter put down for a hearing on the damages from the wrongly issued injunction.

### b.    Lack of Specificity

Rule 65(d) requires that:

"Every order granting an injunction and every restraining order must:

"(A)    State the reasons why it issued;

"(B)    state its terms specifically; and

"(C)    describe in reasonable detail–and not by referring to the complaint or other document–the act or acts restrained or required."

"This rule reflects the exigency and gravity underlying a motion for preliminary injunction, as it departs from Federal Rule of Civil Procedure 52(a)(3)'s more general rule that '[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.' "

*Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1363 (Fed. Cir. 2016)(alteration and quotation in original).

With the Preliminary Injunction at issue here, the heart of the "reasons" is the conclusory statement that Defendants "have sold products ('Infringing Products')[2] using infringing version of Plaintiff's United States design patents in the below chart to residents of Illinois." PRELIMINARY INJUNCTION at p. 2 (ECF No. 25). The "Infringing Products" are defined in the [2] footnote by sending the reader to "[a] list of Infringing Products is provided in Exhibit A".

Given that an injunction must state the reason why the injunction was issued, one would have expected Exhibit A to include a detailed description of each Defendants' sales activity, the product at issue, and how the product at issue purports to violate the Plaintiff's Mark. If one did have such an expectation, they would be disappointed. Exhibit A is a list of ASINs and eBay product numbers, with no further explanation of what infringement occurred.

Just by way of example, row number 36 of the Exhibit A refers to a website of ebay.com/str/freedomthai, the front page of which is shown below:

5



Illustration 1 – Front page of freedomthai store showing "12,721 items"
for sale as of September 22, 2024

A search for the first listed item number, 394879013716, returns this null result:



Illustration 2 – Search Result (last checked September 22, 2024)

6

There is nothing special about Freedom_Thai, *per se*. This exercise could have been performed on any of the moving Defendants' "interrelated" co-Defendants and their own stores. Rather, this illustrates that the Preliminary Injunction on its own or with the outside documents it incorporates fails to state the reasons why it was issued, nor does the Preliminary Injunction provide reasonable detail of what was enjoined. The Preliminary Injunction simply incorporates by reference an moving-target[1] "Schedule A" with a list of valid or invalid product numbers and store names. The Preliminary Injunction leaves it up to its targets to guess what product was at issue, how that product infringed the Plaintiff's patent, and how to proceed.

Since the Preliminary Injunction failed to provide reasonable specificity of the terms of the Preliminary Injunction, failed to provide reasons about why the Preliminary Injunction was issued and failed to direct the recipient about what the Preliminary Injunction applies to, the Moving Defendants respectfully submit that the Preliminary Injunction should be Vacated and this matter set down for a hearing on Damages to the Defendants from the wrongly issued injunction.

## II. Plaintiff Does not have a Reasonable Likelihood of Success on the Merits

### a. Standard for "Reasonable Likelihood"

The "seeker of a preliminary injunction, b[ears] the burden of showing at this stage a reasonable likelihood of success in proving infringement at trial." *Roper Corp. v. Litton Sys.*, 757 F.2d 1266, 1271 (Fed. Cir. 1985). *See generally Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1368

---

[1]    *See, e.g.,* MEMORANDUM (ECF 19) at p. 5, purporting to modify the identity of stores and ASINs in the Exhibit A. In other words, the identity of the parties to this lawsuit and the basis of their alleged infringement were amended based on Counsel's personal representations.

(Fed. Cir. 2008)(reviewing and confirming application of traditional four factor test for preliminary injunctions in patent infringement cases).

Entire encyclopedias of commentary have been written on Circuit Judge Newman's decision in *Abbot Labs*, but however understood, where there is a serious question of vulnerability of the patent, the reasonable likelihood of success on the merits prong is negated.

As a Judge in this District put it, "the question at this [Preliminary Injunction] stage is vulnerability, not validity full stop. . . . Of course, the Court's view may change after the record is more developed and the parties have further developed their invalidity analyses." *Jeagr Ventures, LLC v. Doe*, No. 21-cv-5900, 2022 U.S. Dist. LEXIS 83291, at *12-13 (N.D. Ill. May 9, 2022)(Dow, *J.*).

### b. Arguments in Motion for Judgment on Pleadings Incorporated by Reference

To avoid needless replication, we respectfully incorporate by reference here the arguments in the Motion for Judgment on the pleadings, namely that there is no jurisdiction over the Defendants, there is no valid patent, and there was no infringement. Annexed as Exhibit A to the Affidavit in Support of this Motion is a copy of the Memorandum of Law in Support of the Motion for Judgment on the Pleadings (ECF No. 33).

The moving Defendants respectfully reserve the right to further supplement the factual and legal record at the Hearing, should any be scheduled by the Court, on this Motion to Vacate.

### III.     Other Factors

**a.**     **Thirty (30) Month Delay Negates**
**Plaintiff's Claim of Irreparable Harm**

Plaintiff was purportedly issued the patent on January 25, 2022. The record (including Exhibits to the Answer and the accused ASINs) shows that the Defendants have sold the purportedly infringing products since at least 2021.

That means the Plaintiff waited more than thirty (30) months before bringing suit to enforce the Plaintiff's intellectual property. "Delay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001). *See generally*, *Redbox Automated Retail, LLC v. Xpress Retail LLC*, 310 F. Supp. 3d 949, 952-54 (N.D. Ill. 2018)(Feinerman, *J.*)(reviewing caselaw nationally that delays of more than a few months negates a showing of "irreparable harm" and citing "[a] recent survey of federal trademark decisions concluded that if the delay is greater than 12 months, preliminary injunctive relief is usually denied." *Redbox*, 310 F.Supp. 3d at 952 quoting 6 MᴄCᴀʀᴛʜʏ ᴏɴ Tʀᴀᴅᴇᴍᴀʀᴋs & Uɴꜰᴀɪʀ Cᴏᴍᴘᴇᴛɪᴛɪᴏɴ § 31:32 (5th ed.)).

The Federal Circuit approvingly stated: "The district court correctly noted that delay in bringing an infringement action and seeking a preliminary injunction are factors that could suggest that the patentee is not irreparably harmed by the infringement." *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012) *citing Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed. Cir. 1991).

After waiting more than two years to enforce its (bogus) patent, it cannot be claimed that the Plaintiff suffered "irreparable harm" that would justify the imposition of a Preliminary

Injunction and the reclamation of years of sales that were made after Plaintiff lured Defendants into believing that they were lawfully selling the (non-infringing) product.

> ### b. Balance of Hardships Tips in Defendants' Favor

Defendants have shown the millions of dollars that they have collectively suffered from the wrongly issued injunction, *See* Exhibits to the Answer (ECF No. 30). The moving Defendants identify the damages with dollars-and-cents based on past sales and specific material. That's *real* hardship.

Let's turn to the alleged hardships of the Plaintiff.

The prior owner provides conclusory statements about the hardship suffered by the current owner (supposedly, the Plaintiff) in the Affidavit in Support (ECF No. 10) as follows:

> "8.  . . . . [Defendants'] present in the market has caused us to stop making and selling our genuine products due to losses in profitability.
>
> "9.  . . . [Defendants' acts] is likely causing and will continue to cause consumer confusion. This activity damaged our reputation and caused us to lose goodwill in the market.
>
> "10.  . . . . We[2] are also being irreparably damaged because we do not have the ability to control who sells products with the patented design. Our goodwill and reputation are irreparably damaged by the [Defendants' acts].
>
> "11.  In addition, because the Defendants are selling products at low prices and purchasing products from competitive manufacturers offering lower prices, we were forced to significantly decrease our sales price. This has caused us irreparable damage because once prices go down, purchasers expect lower prices and we cannot raise them back to their former price. We cannot calculate this type of harm because it continues forever.

---

[2]  Presumably, the prior owner meant to say the Plaintiff, unless they intend to imply that they are a necessary party to this lawsuit.

"12.   We have seen our market shrink with damage to our brand, and we believe future sales will continue to be hurt by Defendants' infringement if they are not stopped.  The extent of the harm to our reputation and goodwill and the possible loss of future customers due to harm to brand is also something we cannot calculate in money."

AFFIDAVIT IN SUPPORT, ¶¶ 8-12 (ECF 10).

As an initial matter, the Affidavit makes contradictory claims.  The Plaintiff alleges that it "stop[ped] making and selling our genuine products", ¶ 8; "were forced to significantly decrease our sales price" ¶ 10, and "seen our market shrink with damage" ¶ 12.

Which is it?

Has the Affiant's successor stopped selling?  Have they continued selling but seen their market share shrink?  Or have they continued selling and reduced their prices to recapture demand?

While hearsay may be admissible on the "relaxed evidentiary standards permitted [] at the preliminary injunction stage", *FTC v. Lifewatch Inc.*, 176 F. Supp. 3d 757, 761-62 (N.D. Ill. 2016)(Feinerman, *J.*)(collecting cases nationally allowing hearsay in consideration for Preliminary Injunction), that speaks to the admissibility – not the weight – to be given to that hearsay evidence when considering a Preliminary Injunction.

The claims by the Plaintiff's purported predecessor provide contradictory claims, seemingly lifted from a hornbook on the "elements of irreparable harm", but which are entirely unmoored from the facts of this case.  There is no evidence presented of where or how the Plaintiff is supposedly engaged in sales of their product; there is no evidence of sales and/or how Plaintiff has been impacted by the Defendants' alleged infringement.  And in light of the freeze having now been in place for three weeks, there should surely be evidence of the *recovery* of Plaintiff's sales (but see ¶ 10 alleging there are no sales) after Plaintiff pushed his competitors out of the market.

11

There is no evidence by the Plaintiff of their damage.

Rather, Plaintiff submitted an English-language Declaration by a non-party based in China who claims vast knowledge of the online sales industry and deep understanding of Plaintiff's business. All of which leads to conclusory claims presented without evidentiary support and which are internally contradictory.

Unless and until the moving Defendants have had a chance to challenge the Declarant at the hearing (*See* ¶ 1, appearing to consent to the issuance of a subpoena compelling their testimony at any Hearing on this Motion to Vacate the Preliminary Injunction), the Declaration should be given no weight. And absent that Declaration, there is no factual basis to claim that the Plaintiff would suffer any damage by the vacatur of the injunction.

For that reason, the moving Defendants respectfully submit that the balance of equities tips in favor of the Defendants and that the public interest would be best served by the vacatur of the injunction and by setting this matter down for a hearing on Damages from the wrongly imposed injunction.

### IV.    In the Alternative the Bond
### Should be Raised to $2,500,000.00

The Moving Defendants believe that the Preliminary Injunction should be vacated, and the matter set down for a hearing on damages arising from the wrongly imposed injunction. In addition, the law is clear that where a case is filed in bad faith – as it was here – that the victimized Defendants are entitled to damages for more than the bond itself, S*ee Coyne-Delany Co. v. Capital Dev. Bd*., 717 F.2d 385, 389-90 (7th Cir. 1983)(declining to award damages above the bond because the Parties had stipulated that the case was filed in good faith).[3]

In addition, the Motion Defendants have counterclaimed for the damages pursuant to Illinois law, which allows a cause of action for abuse of process when an injunction has been wrongly obtained, *See* ECF No. 30 (Third Cause of Action).

All that said, though, and assuming the Honorable Court were inclined to maintain the injunction, the Moving Defendants respectfully submit that the amount of the bond should reflect the damages that the Defendants have and will continue to suffer from the injunction should the Plaintiff ultimately be unsuccessful in their lawsuit.

As the Seventh Circuit held:

> "when setting the amount of security, district courts should err on the high side. If the district judge had set the bond at $50 million, as [Defendant] requested, this would not have entitled [Defendant] to that sum; [Defendant] still would have had to prove its loss, converting the 'soft' numbers to hard ones. An error in setting the bond too high thus is not serious. . . . [A]n error in the other direction produces irreparable injury, because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond."

---

[3]    The award of an injunction bond on a wrongly imposed preliminary injunction is based on the law of the regional circuit, *See Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1467 (Fed. Cir. 1997).

*Habitat Educ. Ctr. v. United States Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010) *quoting Mead Johnson & Co. v. Abbott Laboratories,* 201 F.3d 883, 888 (7th Cir. 2000).

As shown in the Affidavits annexed to the Answer and Counterclaims, the Moving Defendants have suffered massive damage which as of the filing of this Motion is not less than $2,500,000.00 and will continue to accrue monthly. Therefore, the Moving Defendants respectfully submit that an injunction bond in the amount of $2,500,000.00 is appropriate.

14

**E.     Conclusion**

For these reasons, we respectfully submit that this Honorable Court should vacate the wrongly imposed injunction and set this matter down for a hearing on damages.

The Moving Defendants respectfully note that these (and related) Moving papers were prepared on an emergency basis over the Moving Defendants' Holiday season.  The Moving Defendants remain available to supplement the arguments made here if so requested by the Court and look forward to answering any questions the Court may have if an oral argument is scheduled and at the Hearing where each moving Defendant and the expert who prepared the patent report are ready to testify through a translator.

DATED:     **SEPTEMBER 22, 2024**

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Moving Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that on September 22, 2024, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Mark C Johnson, Esq.**
**Sarah Louise Boone, Esq.**
RENNER OTTO BOISSELLE & SKLAR
1621 Euclid Ave # 1900
Cleveland, OH   44115
**e-mails:**   sboone@rennerotto.com
             mjohnson@rennerotto.com
**Counsel for the Plaintiff**

And to the non-appearing Defendants by e-mail from bg@gottesmanlegal.com to the e-mails included in Schedule A

**aijolenlon**
some71mes@163.com

**allinonestore-2005**
lahiruprabathsemasinghe@gmail.com

**angela88**
getthedeals2011@163.com

**Brosyda**
hengxin1548@hotmail.com

**CABUS**
kbx2019@163.com

**Dotooky Store**
js5250pqhg721@163.com

**duixinghas**
huadeiyuanwei@163.com

**geminimonsm-74**
geminimonsmasticore+007@gmail.com

**gulrear**
yst20120707@126.com

**IbtyStore**
googibtissam@gmail.com

**Kalkehay LLC**
kayhanly321@hotmail.com

**Kesfitt Patio Direct**
hafokkv778@163.com

**Lweong Co.Ltd**
kairuixingz@163.com

**Mairubo**
mairuitongkeji@163.com

**Mrrihand-Cover**
heganus@outlook.com

**mybesttorehar**
sovendo36@gmail.com

**NWESTUN Direct**
longchyi@163.com

**oshtad0**
rumitada8888@gmail.com

**oycw**
1637993692@qq.com

**SDALU**
emlucas003@163.com

**shoppingtime786**

shoppingtime673@gmail.com

**softpicks**
softpicks027@gmail.com

**TOPOWNUS**
topownus@163.com

**UWN**
azzxus@163.com

**YoichiroStore**
tomp.astrans@gmail.com

**ZJJ-US**
alanni19920809@163.com

2