IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHAOYOU CHEN, | |
| Plaintiff, | Case No. 24-cv-07164 |
| v. | Judge Sara L. Ellis |
| PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Magistrate Judge Keri L. Holleb Hotaling |
| Defendants. | |

## JOINT STATUS REPORT

On September 10, 2024, the Court imposed a Preliminary Injunction on the Defendants (ECF 24-25). On September 22, 2024, certain Defendants moved to vacate the Preliminary Injunction and, in the alternative, to raise the bond (ECF 34-35) and to sever (36-37). In their moving papers, Defendants proposed to present the motions on Thursday, September 26, 2024 at 1:45 pm.

Counsel have conferred on the scheduling of the Defendants' Motions and respectfully submit this status report that presents their respective position. They are:

**Plaintiff's Position** – Opposition due October 7, 2024, reply due October 14, 2024, hearing no earlier than October 22, 2024

**Defendants' Position** – Hearing with Testimony as soon as September 24, 2024

**Plaintiff's Position**

Defendants' motion to vacate is not urgent despite their claims of "massive and irreparable" harm. <u>The moving Defendants' listings are not being restrained by Plaintiff</u>. The only present restraint is on Defendants' financial accounts—to ensure that the Defendants do not

ensconce in China the profits derived from their infringement in the United States. Moreover, Plaintiff has offered to limit the restrained amount so that it does not exceed Defendants' sales. Plaintiff also has suggested that if Defendants would be willing to post a sufficient bond, Plaintiff would be willing to instruct Amazon to remove all restraints on Defendants' financial accounts.

Defendants' motion to vacate was preceded by settlement negotiations, during which Plaintiff's counsel informed Defendants' counsel that Plaintiff would instruct Amazon to remove the restraints on Defendants' listings as a show of good faith in view of Defendants' efforts to engage U.S. counsel and participate in the legal process. On September 13, 2024, Plaintiff instructed Amazon to remove the restraints on the moving Defendants' product listings (ASINs). On September 19, 2024, Amazon confirmed that such restraints were removed. Today, September 23, 2024, Plaintiff reviewed the accused listings of the moving Defendants to ensure that Amazon had, in fact, removed the restraints. Some, but not all, listings are now active. Accordingly, Plaintiff followed up with Amazon to confirm that Amazon is not preventing Defendants from selling products under the previously restrained listings.

Plaintiff submits that, given the lack of urgency, none of Defendants' motions [32, 34 and 36] should be deemed "emergency" motions, and the parties should submit briefing pursuant to the local rules. Accordingly, Plaintiff requests that its oppositions to Defendants' motions be due October 7, 2024, with Defendants' reply briefs being due October 14, 2024. Plaintiff submits that the Court will be equipped to rule on the parties' papers, but Plaintiff would be prepared to provide oral argument if the Court were to deem such argument necessary or helpful. Certainly, an evidentiary hearing is not necessary.

Plaintiff notes that Defendants' purported "financial damage" that would result from a delay in the Court's ruling is nothing more than a calculation of average sales and number of days between now and October 22, 2024. Defendants' allegations are notable in that <u>there is no restriction on Defendants' sales</u>. Nothing is stopping Defendants from selling their products between now and October 22, 2024, so there is no "financial damage" resulting from a purported delay in resolving Defendants' "emergency" motion.

As will be addressed in Plaintiff's opposition papers, *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, 51 F.4th 1365, 1375-76 (Fed. Cir. 2022) is wholly irrelevant. That case involved defendants who were not served pursuant to the Court's order granting leave for special service—Defendants make no allegation that Plaintiff failed to comply with the special service provisions of the Court's TRO and preliminary injunction orders. Defendants' "Notice" argument is nothing more than a criticism of this Court's standard practices.

Finally, regarding Defendants' noticed presentment date, on September 16, 2024, Plaintiff's counsel informed Defendants' counsel that Plaintiff's counsel will not be available for presentment September 25, 2024 through September 27, 2024. After acknowledging Plaintiff's counsel's scheduling limitations, Defendants' counsel elected to notice presentment of its "emergency" motion during the period when Plaintiff's counsel is unavailable. Given the proposed briefing schedule, Plaintiff respectfully requests that the Court continue any presentment of Defendants' motions until at least October 22, 2024—Plaintiff is unavailable October 15, 2024 – October 18, 2024.

**<u>Defendants' Position</u>**

The Defendants submit that this motion should be heard immediately because no Notice of the Preliminary Injunction was provided. In an analogous case where a Preliminary Injunction was issued on the same filed-on-Friday, issued-on-Tuesday schedule at issue here, the Federal Circuit vacated the Preliminary Injunction for lack of Notice. Judge Taranto held: "[t]he notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, 51 F.4th 1365, 1375-76 (Fed. Cir. 2022) *quoting Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers No. 70 of Alameda County*, 415 U.S. 423, 432 n.7, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).

There was no hearing and notice in *ABC I Corp.*, and there has been none here.

In *ABC I Corp.*, the Plaintiff moved before District Judge Durkin on Friday, November 20, 2020, for a preliminary injunction, *See ABC Corp. I v. The P'ships & Unincorporated Assn's Identified on Schedule "A"*, Case No. 1:20-cv-4806 (N.D.Ill.)(ECF. 105-110). With no appearance or objection by any Party, Judge Durkin entered the Preliminary Injunction on the following Tuesday, November 24, 2020, *ABC I Corp.* (ECF 112-13). This case followed the same schedule. The Motion was made on Friday, September 6, 2024, with Notice that it would be presented on Wednesday, September 11, 2024 (ECF 21). That Tuesday, September 10, 2024 – before the return date, and while appearing Defendants were in the process of appearing – the Court issued the Preliminary Injunction.

The Defendants submit that there was no Notice, no Hearing and no fair opportunity to oppose the application for the PI. Under such circumstances, the Rules provide that on two days'

4

notice, "the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires." Fed. R. Civ. P. 65(b)(4).

Additional prudential considerations lean toward an immediate Hearing.

> **First** – the Defendants' witnesses are ready to make their case on **Tuesday morning, September 24, 2024**, or any time that this matter may be heard. Their testimony, summarized below, shows that the damage to the Defendants is immense.

| Party | Financial Damage by Waiting until October for the Hearing | Source |
|---|---|---|
| TigeJoy | $29,000.00 | TigeJoy Affidavit, ECF 30-5, ¶ 28 |
| Kifiray | $55,225.26 | Kifiray, ECF 30-6, ¶ 28 |
| Secure4u | $29,661.00 | Secure4u Affidavit, ECF 30-7, ¶ 28 |
| Richcat | $70,600.95 | Richcat Affidavit, ECF 30-8, ¶ 28 |
| Wikt | $9,725.10 | Wikt Affidavit, ECF 30-9, ¶ 28 |
| Haikung | $21,034.00 | Haikung Affidavit, ECF 30-10, ¶ 27 |
| Linstock | $13,000.00 | Linstock Affidavit, ECF 30-11, ¶ 28 |
| YinYonHome | $11,000.00 | YinYonHome Affidavit, ECF 30-12, ¶ 28 |

Delaying the Hearing for a month would require the Defendants to absorb a quarter-million in additional direct losses aside from the permanent damage to the "algorithm" and the value of their stores. The Plaintiff's claim that they released some of the ASINs does not change this analysis. It is meaningless for the Defendants to have the flexibility to sell products when the income from such funds remain frozen and cannot be used to pay for product, expenses and marketing necessary to compensate for loss of organic sales

Plaintiff's release of the ASINs also calls into question the entire basis for the Preliminary Injunction. The parade of horribles that would be caused if Defendants continued to

sell – as claimed by Liuzeng Wang, ECF 10 – are obviously not "irreparable damage" if the Plaintiff can simply drop the non-financial aspects of the injunction on a whim.

>Second – Defendant waited thirty (30) months to bring this action. Their preliminary injunction was granted on two business days' notice. It is outrageous to claim that the Plaintiff needs a month to prepare for the Hearing.

>Third – The other fora that will address this case, would benefit from a full record. The Federal Circuit has directed that: "we deem the better course is to require that the parties first move in the district court if they seek vacatur of the district court's order." *In re Yahoo! Inc.*, 346 F. App'x 581, 582 (Fed. Cir. 2009) *citing Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994).

For these reasons, the Defendants respectfully submit that this matter should be heard as soon as possible.

Dated: September 23, 2024

Respectfully submitted,

| | |
|---|---|
| By: /s/ *Mark C. Johnson* | By: /s/ *Baruch S. Gottesman* (by consent) |
| Mark C. Johnson | Baruch S. Gottesman, Esq. |
| Sarah L. Boone | GOTTESMAN LEGAL PLLC |
| RENNER OTTO | 11 Broadway, Suite 615 |
| 1621 Euclid Avenue, Floor 19 | New York, NY 10004 |
| Cleveland, Ohio 44115 | Phone: (212) 401-6910 |
| 216.621.1113 | bg@gottesmanlegal.com |
| 216.621.6165 (facsimile) | |
| mjohnson@rennerotto.com | *Counsel for Moving Defendants* |
| sboone@rennerotto.com | |
| | |
| *Counsel for Plaintiff* | |