# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ZHAOYOU CHEN,** | Case No. **1:24-cv-7164** |
| Plaintiff, | |
| *~ versus ~* | **MEMORANDUM OF LAW IN SUPPORT** |
| **PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,** | |
| Defendants. | |

c

**MEMORANDUM OF LAW** *by*

**DEFENDANTS TIGEJOY, KIFIRAY, SECURE4U, RICHCAT, BYOFI, WIKT, HAIKUNG, LINSTOCK, YINYOHOME, GULREAR, UWN** *and* **NWESTUN DIRECT**

*In Opposition to* **PLAINTIFF'S**

**RENEWED MOTION FOR PRELIMINARY INJUNCTION**

**Dated**: December 18, 2024
**Submitted by**: Baruch S. Gottesman
*Counsel for Defendants Tigejoy, Kifiray, Secure4u, Richcat, BYOFI, WiKT, Haikung, Linstock, Yinyohome, Gulrear, UWN and Nwestun Direct*

## A   <u>Table of Contents</u>

**B.**     **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C.**     **Overview of this Response** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**D.**     **Argument**

      **I.**     **Plaintiff's Bogus Narrative of**
           **How Plaintiff Came to Own the Patent**
           **Cannot Show a Likelihood of Success**
           **on the Claim that Plaintiff owns the Patent** . . . . . . . . . . . . . . . . . . . . . . 6

           a.    Illustration Showing Ownership History . . . . . . . . . . . . . . . 7

           b.    First Detour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

           c.    Second Detour . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      **II.**    Equities Tip in Favor of Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

           a.    Thirty (30) Month Delay Negates
               Plaintiff's Claim of Irreparable Harm    . . . . . . . . . . . . . . . 12

           b.    Release of ASINS Negates
               Claim of Irreparable Harm . . . . . . . . . . . . . . . . . . . . . . . . . . 13

           d.    Defendants will suffer
               Irreparable Harm from an Injunction  . . . . . . . . . . . . . . . . . 14

**E.**     **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## B.     Table of Authorities

**US SUPREME COURT CASES**

*Animal Sci. Prods. v. Hebei Welcome Pharm. Co.*,
  585 U.S. 33; 138 S. Ct. 1865 (2018) ................................................................... 10

**FEDERAL CASES**

*Abraxis Bioscience, Inc. v. Navinta, LLC*,
  672 F.3d 1239 (Fed. Cir. 2011) ........................................................................... 10

*Apple, Inc. v. Samsung Elecs. Co.*,
  678 F.3d 1314 (Fed. Cir. 2012) ........................................................................... 12

*Avila v. JDD Inv. Co.*,
  No. 21-cv-1917; 2021 U.S. Dist. LEXIS 238078 (N.D. Ill. Dec. 13, 2021) ......................... 5

*Brooke v. China Nat'l. Bldg. Materials Co. (In re Chinese-Manufactured Drywall Prods.
  Liab. Litig.)*,
  811 F. App'x 910 (5th Cir. 2020) ......................................................................... 10

*Hilgraeve Corp. v. Symantec Corp.*,
  265 F.3d 1336 (Fed. Cir. 2001) ........................................................................... 10

*Int'l Nutrition Co. v. Horphag Research Ltd.*,
  257 F.3d 1324 (Fed. Cir. 2001) ........................................................................... 10

*Nutrition 21 v. United States*,
  930 F.2d 867 (Fed. Cir. 1991) ............................................................................ 12

*Redbox Automated Retail, LLC v. Xpress Retail LLC*,
  310 F. Supp. 3d 949 (N.D. Ill. 2018) .................................................................... 12

*Sharritt v. Henry, Case*,
  No. 23-cv-15838; 2024 U.S. Dist. LEXIS 189825 (N.D. Ill. Oct. 18, 2024) ......................... 5

*Ty, Inc. v. Jones Group, Inc.*,
  237 F.3d 891 (7th Cir. 2001) .............................................................................. 12

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 44.1 .................................................................. 10

Federal Rules of Civil Procedure Rule 65 ..................................................................... 5

**FEDERAL REGULATIONS**

Title 37 C.F.R. § 3.72 ................................................................................................ 9

**OTHER AUTHORITIES**

http://en.npc.gov.cn.cdurl.cn/pdf/civilcode ............................................................... 10

https://patentcenter.uspto ......................................................................................... 9

## C.     Overview of this Response

Last week, this Honorable Court vacated the Plaintiff's wrongly obtained preliminary injunction (ECF 118) against the Defendants.[1]  Contemptuously refusing to comply with the Court's order, the Plaintiff now moves for a new preliminary injunction based on the same bases that have already been vacated (ECF 121).

Plaintiff argues that "to the extent that the vacatur of [the] preliminary injunction order [was] based on Defendants' procedural arguments", it is appropriate to move for a new preliminary injunction.  As an initial matter, we respectfully submit that there is no distinction between a 'procedural' and 'substantive' argument as it relates to Fed. R. Civ. P. 65.  A failure to respect a Party's due process rights is just as much a reason to impose costs on the Plaintiff for a wrongly obtained injunction as any "substantive" reason.  But that said, as it relates to the substantive arguments, we respectfully incorporate by reference the prior briefing on this matter, including but not limited to the respective Motions to Vacate the Injunction (ECF 35, 60, and 108).[2]

---

[1]    Unless otherwise indicated, the references here to the "Defendants" are to Defendants Tigejoy, Kifiray, Secure4u, Richcat, BYOFI, WiKT, Haikung, Linstock, Yinyohome, Gulrear, UWN and Nwestun Direct.

[2]    In this litigation, the Plaintiff has at times argued that it is inappropriate for Defendant to incorporate the record of this case (Plaintiff's Response, ECF 114 at p. 3).  Not so. Incorporating the record and prior argument is routine and entirely unremarkable and, as is relevant here, does not require any unstacking of any "*matryoshka* dolls", described by this Court in *Sharritt v. Henry*, Case No. 23-cv-15838, 2024 U.S. Dist. LEXIS 189825, at **9-10 (N.D. Ill. Oct. 18, 2024).

Further, asking the Court to consider the full record is not an attempt to circumvent page limits, but to the contrary, it is an invitation to consider the full record and all arguments made in this case.  *See, e.g.*, *Avila v. JDD Inv. Co.*, No. 21-cv-1917, 2021 U.S. Dist. LEXIS 238078, at *5 (N.D. Ill. Dec. 13, 2021) (incorporating into its analysis on a Motion for equitable relief (a Stay) the full gamut of arguments made in a separate Motion to Dismiss).

Turning to the substance (and without waiver to the extensive arguments made in support of the Motion to Vacate, which are incorporated by reference), this Response will focus on two of most significant reasons why the Plaintiff cannot show a likelihood of success on the merits, and why the equities tip in favor of Defendants.

For these reasons, the Court should deny the Motion to Renew the Preliminary Injunction with prejudice and with costs. And if it is inclined to consider argument on the Motion to Renew, the Court should promptly hold a hearing at which the Messrs. Wang, Chen and Johnson can be called at witnesses; and the Defendants can also testify to the irreparable damage caused by an injunction and on the amount of the bond that should be required.

### D.     Argument

**I.     Plaintiff's Bogus Narrative of**
**How Plaintiff Came to Own the Patent**
**Cannot Show a Likelihood of Success**
**on the Claim that Plaintiff owns the Patent**

Plaintiff's narrative is premised on a complex but noncredible description of how the Plaintiff came to own the Patent. To assist the discussion that follows, below is an illustration which we intend as a fair description of Plaintiff's narrative of how they came to own the Patent.

a. Illustration Showing Ownership History



Chart 1: Plaintiff's Narrative of how they came to own the Patent

As highlighted in the Chart, there are two "detours" which remain unexplained by the Plaintiff and which – at the least – call into question the likelihood of success on the merits prong of the analysis.

### b.  **First Detour**

By the Plaintiff's own description Dongguan Zenghai Technology Co., Ltd. (owned 40/20/20/20 by four Chinese partners) was the applicant.  Mr. Wang claimed that the Patent application was filed "with the plan that it would be owned by [Dongguan Zenghai Technology Co., Ltd.]" Wang. Aff., ECF 113-1, ¶ 10.  The USPTO issued the Patent on January 25, 2022 to Dongguan Zenghai Technology Co., Ltd. (Wang Aff., ECFD 113-1, ¶ 10).

That was a done deal.  The Patent was applied for in the name of and granted to Dongguan Zenghai Technology Co., Ltd.  According to the USPTO and as a factual matter, Dongguan Co. *remains* the sole owner of the Patent as of the filing of this lawsuit.

What Plaintiff claims is that after the USPTO issued the Patent, in May 2022, Mr. Wang found a new U.S. legal representative.  On May 29, 2022, at the direction of the new lawyer, four individuals who were not the owners of the Patent personally assigned the ownership of the Patent to Mr. Wang.  ECF 108-6, ¶ 11.  That assignment was a legal nullity.

In their moving papers, the Plaintiff proffers this explanation of why it was valid:

> "the D'982 Patent file history contains an assignment document purporting to transfer ownership from the inventors to their company.  However, due to the problems that the inventors had with their United States representative, the assignment document was never executed by the inventors (either by direct hand signature or by the inventors typing their names onto the document themselves).  Instead, the inventors merely authorized someone to sign the document on their behalf.  Notably, that document was ***never recorded***."

Plaintiff's Moving Papers, ECF 120, p. 16, PageID #3255 (emphasis in original).

This recondite explanation cannot serve as the scaffolding for a finding of a "Likelihood of Success on the Merits". Among other reasons:

- The transaction history for application 29/773,295 includes a copy of the assignment. *See* **Exhibit A** which is a screenshot of https://patentcenter.uspto.gov/applications/29773295/ifw/docs?application= showing the application docket – the evidence of the recording. On March 9, 2021, there was a docketed recorded called "Assignee showing of ownership per 37 CFR 3.72". A copy of that PDF, which is the assignment is annexed as **Exhibit B**.

- Under Illinois law, signing "includes using any symbol executed or adopted with present intention to adopt or accept in a writing". ILCS 5/1-201(b)(37).

- The true owners fully relied on the authorized signature and as Mr. Wang wrote, ECF 113-1, ¶ 10, *intended* for Dongguan to be the sole owner of the Patent.

- Respectfully, the new U.S. Representative got it wrong. Dongguan owned the patent, the prior owners recorded their assignment to Dongguan, and the USPTO issued the patent to Dongguan. Theoretical speculation of what the prior owners may have done is irrelevant. Legally, the patent was applied for by, issued to, and as of now, the Patent remains owned by Dongguan Co..

### c. **Second Detour**

The second assignment was also bogus. It was a strawman purchase executed but never recorded with the USPTO (to the extent that the Plaintiff has deemed recordation relevant) a week before filing the lawsuit. The assignment purported to grant a right to sue for prior infringement and it is the *sole basis* for the Plaintiff to claim that the Plaintiff owns the patent and acted timely in asserting their rights.

But as a legal matter, that strawman transfer was not effective and certainly cannot serve as the basis for a finding of a "likelihood of success on the merits". In other words, even if the transfer to Mr. Wang was legitimate (*it wasn't*) the transfer to Mr. Chen was a fiction.

Under the precedent of the Federal Circuit, "[d]etermining whether the right to sue for prior infringement has been transferred turns on the proper construction of the assignment

agreements, which is a matter of state contract law." *Minco Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 ((Fed. Cir. 1996) *Accord Abraxis Bioscience, Inc. v. Navinta, LLC*, 672 F.3d 1239, 1243-44 (Fed. Cir. 2011). In this case, the relevant law is that of the People's Republic of China, *See, e.g., Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324 (Fed. Cir. 2001)(relying on French law for the validity of patent assignment where French parties had no choice of law clause (although unlike here there was a French forum clause – in this case the assignment between the two China-based individuals was silent about forum)); *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336 (Fed. Cir. 2001)(since agreement entered under Ontario (Canada) law, Court interpreted assignment agreement under that foreign law).

The Civil Code of the People's Republic of China adopted as of 2020—the relevant law—provides the black letter requirements for valid "Technology Contracts", *See* CIVIL CODE OF THE PEOPLE'S REPUBLIC OF CHINA, Chapter XX (Technology Contracts), Arts. 862, et seq. (3d Session of 13th Nat'l People's Cong. May 28, 2020), available online from the National People's Congress of the People's Republic of China at http://en.npc.gov.cn.cdurl.cn/pdf/civilcode ofthepeoplesrepublicofchina.pdf (last checked Nov. 15, 2024). The Supreme Court confirmed that the determination of an issue of Chinese law, " 'must be treated as a ruling on a question of law'; the court may consider 'any relevant material or source.' " *Animal Sci. Prods. v. Hebei Welcome Pharm. Co.*, 585 U.S. 33, 43-44, 138 S. Ct. 1865, 1874 (2018) *quoting* Fed. R. Civ. P. 44.1. We will also note a comment by the Fifth Circuit that while "Chinese law may be difficult to interpret, but interpreting the law is what courts do; difficulty is no reason to abandon the enterprise." *Brooke v. China Nat'l. Bldg. Materials Co. (In re Chinese-Manufactured Drywall Prods. Liab. Litig.)*, 811 F. App'x 910, 911 n.4 (5th Cir. 2020).

Black letter law in China treats the purported Assignment between Messrs. Wang and Chen as a "Technology Contract" because it established the parties' rights and obligations for technology transfer and licensing, Art. 843. It was therefore not valid, because aside from lacking the required formalities for a contract between individuals under Chinese law, the purported Agreement failed to provide specifics of the payment for the price, remuneration, or royalty as agreed by the Parties, which is required under Art. 846, failed to include the specificity of other terms, Art. 845, failed to show evidence that a right of first refusal was offered, Art. 847, and otherwise ran afoul of the requirement of Chinese law for a valid Technology Contract.

Plaintiff argues that notwithstanding the execution of an agreement in China between two Chinese parties that makes no reference to the United States, somehow Messrs. Wang and Chen intended that U.S. law would apply. Perhaps that can be established during Discovery, but to nakedly allege that the obviously strawman and illegitimate transfer shows a "likelihood of success on the merits" that Mr. Chen is the proper Plaintiff cannot be shown at this time.

The bottom line is that the Plaintiff does not and did not own the Patent. It was and remains owned by Dongguan. And even if the transfer from the Inventors to Mr. Wang was somehow valid (it wasn't) the second transfer from Mr. Wang to Mr. Chen was not valid. Therefore the Plaintiff does not own the Patent (or at least there are serious factual questions about whether he owns the Patent) and there is no likelihood of success on the merits.

## II.    Equities Tip in Favor of Defendants

### a.    Thirty (30) Month Delay Negates
### Plaintiff's Claim of Irreparable Harm

The record (including Exhibits to the Answer and the accused ASINs) shows that the Defendants have sold the purportedly infringing products since at least 2021.

That means the Plaintiff waited more than thirty (30) months before bringing suit to enforce the Plaintiff's intellectual property. "Delay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001). *See generally*, *Redbox Automated Retail, LLC v. Xpress Retail LLC*, 310 F. Supp. 3d 949, 952-54 (N.D. Ill. 2018)(Feinerman, *J.*)(reviewing caselaw nationally that delays of more than a few months negates a showing of "irreparable harm" and citing "[a] recent survey of federal trademark decisions concluded that if the delay is greater than 12 months, preliminary injunctive relief is usually denied." *Redbox*, 310 F.Supp. 3d at 952 quoting 6 MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 31:32 (5th ed.)).

The Federal Circuit approvingly stated: "The district court correctly noted that delay in bringing an infringement action and seeking a preliminary injunction are factors that could suggest that the patentee is not irreparably harmed by the infringement." *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012) *citing Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed. Cir. 1991).

After waiting more than three years to enforce its patent, it cannot be claimed that the Plaintiff suffered "irreparable harm" that would justify the imposition of a Preliminary Injunction and the reclamation of years of sales that were made after Plaintiff lured Defendants into believing that they were lawfully selling the product.

The argument that since Chen took ownership of the claims a week before the lawsuit does not remedy this delay. If this were allowed, any Plaintiff accused of sitting on their rights could simply transfer their rights to a strawman in anticipation of litigation and the new strawman Plaintiff can claim that there was no delay in pursuing their – the Strawman's – rights. Rather, when the purported prior owner transferred their claims to Mr. Chen, those claims that had long been waived with respect to infringement by means of injunctive relief.

### b. Release of ASINS Negates Claim of Irreparable Harm

After being countersued for the damages arising from the wrongly imposed injunction, the Defendant dropped the freeze on the Defendants' ASINs with Amazon. In so doing, they now claim that there is no "actual or potential harm imposed by the current account restraints". ECF 120, p. 15, PageID $1257.

Nothing can be further from the truth. The Defendants show in their Affidavits in Support of the parallel Motion to release the TRO Bond and for Damages, there has and will be huge damage from the Plaintiff's continued restraint on their financial accounts. The Defendants are ready to appear at any hearing to further testify to the damage that they will suffer from the wrongly imposed injunction.

However, the release of the ASINs is effective to show that the Plaintiff has waived any argument that an injunction is necessary. By the Plaintiff's own admission, at this point, the sole basis for the financial freeze would be to assist in the Plaintiff's collections in the unlikely event this case moves forward and a financial judgment is ordered. But that's an argument that can be used by any Plaintiff in any case. Winning a dead-letter financial Judgment is a regular part of litigation, and in fact the primary relief sought here is a freeze on competing sales. The Plaintiff has provided no basis to claim that the Defendants are uncollectible or otherwise are a

financial "flight risk" that would justify a financial freeze on all their operations without proving the potential amount of damages that may be awarded.

      e.     Defendants will suffer
              Irreparable Harm from an Injunction

The Balance of Equities needs to account for the damage to the Defendants. We respectfully incorporate by reference the Affidavits in Support submitted by the Defendants in the parallel Motion to release the TRO and for Damages, which explains the massive and irreparable damage that they have and will continue to suffer if an injunction is imposed.

*[Remainder of Page Intentionally Left Blank]*

## <u>CONCLUSION</u>

For these reasons and those argued in the Motions to Vacate the Preliminary Injunction, the Defendants respectfully submit that the Motion for a Renewed Preliminary Injunction should be rejected with prejudice with costs payable to the Defendants.

Dated: **December 18, 2024**

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910: (212) 859-7307
bg@gottesmanlegal.com
*Counsel for Moving Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2024, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

Mark C. Johnson, Esq.
Sarah Louise Boone, Esq.
RENNER OTTO BOISSELLE & SKLAR
1621 Euclid Ave # 1900
Cleveland, OH   44115
e-mails:   sboone@rennerotto.com
          mjohnson@rennerotto.com

Counsel for the Plaintiff

Counsel for All Co-Defendants via ECF

And to the non-appearing Defendants by e-mail from bg@gottesmanlegal.com to the e-mails included in Schedule A

aijolenlon
some71mes@163.com

allinonestore-2005
lahiruprabathsemasinghe@gmail.com

angela88
getthedeals2011@163.com

CABUS
kbx2019@163.com

Dotooky Store
js5250pqhg721@163.com

duixinghas
huadeiyuanwei@163.com

geminimonsm-74
geminimonsmasticore+007@gmail.com

IbtyStore
googibtissam@gmail.com

Lweong Co.Ltd
kairuixingz@163.com

Mairubo
mairuitongkeji@163.com

mybesttorehar
sovendo36@gmail.com

oshtad0
rumitada8888@gmail.com

oycw
1637993692@qq.com

SDALU
emlucas003@163.com

shoppingtime786
shoppingtime673@gmail.com

softpicks
softpicks027@gmail.com

TOPOWNUS
topownus@163.com

YoichiroStore
tomp.astrans@gmail.com

ZJJ-US
alanni19920809@163.com