# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ZHAOYOU CHEN, )
)
              Plaintiff, )
)      No. 24 C 7164
         v. )
)      Judge Sara L. Ellis
PARTNERSHIPS AND UNINCORPORATED )
ASSOCIATIONS IDENTIFIED ON )
SCHEDULE A, )
)
           Defendants. )

## OPINION AND ORDER

Plaintiff Zhaoyou Chen ("Chen") sued a number of entities listed in Schedule A of its amended complaint for patent infringement. The Court issued a temporary restraining order ("TRO") and then a preliminary injunction, enjoining the defendants from selling their allegedly infringing products. A number of defendants have moved to vacate the preliminary injunction. Because Chen has voluntarily dismissed Defendants Brosyda, Kesfitt Patio Direct, and Mrrihand-Cover (Defendant Nos. 2, 10, and 14) from this action, the Court denies their motion to vacate the preliminary injunction [106] as moot. Defendants Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, Yinyohome, UWN, NWESTUN Direct, and Gulrear (together, the "Moving Defendants") also move to vacate the preliminary injunction. Because Chen does not show a reasonable likelihood of success on the merits, the Court grants the Moving Defendants' motions and vacates the preliminary injunction. Defendants Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome also move for alternative service or to sever. Because Chen's claims against Tigejoy, Kifiray, Secure-4u,

Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome do not arise from the same transaction, occurrence, or series of transactions or occurrences, the Court grants their motion to sever.

## BACKGROUND

Chen, an individual residing in China, is the legal assignee of an interest in a design patent entitled "Mobile Air Conditioning Kit," Patent No. D941,982 (the "Patent"). Doc. 74-1 at 2. Chen and the prior owners of the Patent have sold products using the Patent through online retailers since February 16, 2022.

On August 13, 2024, Chen filed this case, suing 65 vendors—all of whom sell their allegedly infringing products on Amazon, eBay, and other e-commerce platforms—for violating the Patent. Defendants are all entities who primarily reside in foreign jurisdictions. Shortly thereafter, Chen moved for a TRO and leave to serve Defendants electronically. On August 26, 2024, this Court granted Chen's requests. With respect to service, the Court granted Chen permission to serve Defendants electronically through email and electronic publication. The Court also directed Chen to file any motion for a preliminary injunction and to notice that motion for the next scheduled status date, September 11, 2024. Summons were issued to Defendants on September 3, 2024.

On September 6, 2024, Chen moved for a preliminary injunction and noticed that motion for September 11, 2024. Chen included a certificate of service with his motion for a preliminary injunction, stating that he had served Defendants with his motion for a preliminary injunction "by electronically publishing the documents on a website and sending an email that includes a link to said website to the email addresses identified in Exhibit 1 attached hereto." Doc. 18 at 2. Chen attached a list of Defendants' email addresses as Exhibit 1.

Also on September 6, 2024, the United States Patent and Trademark Office ("USPTO") issued a final order concerning sanctions regarding documents signed by Jie Yang, a registered agent who signed multiple documents associated with the application for the Patent.  Doc. 108-4.[1]  The USPTO imposed sanctions after a non-registered individual improperly filed documents with the USPTO under Jie Yang's name.  After learning of the improperly filed documents, the USPTO issued a Show Cause Order "requiring the applicant to show cause as to why certain sanctions should not be imposed."  *Id.* at 1.  "The USPTO did not receive a response to the Show Cause Order."  *Id.*  Among other sanctions, the USPTO ordered:

> [s]triking from the record all documents containing the signature of the practitioner Jie Yang.  Although a stricken document will not actually be removed from the application file, the application is considered to be deficient to the same extent as if the document had not been filed; this may result in the application being abandoned.

*Id.* at 7.

On September 10, 2024, this Court granted Chen's motion for a preliminary injunction. The Court ordered that Defendants and all persons acting in active concert with them be restrained from offering the allegedly infringing products for sale.  The Court's preliminary injunction order included an Exhibit A, which listed Defendants' names/seller aliases, URLs for the sellers' webpages, and the infringing products' ID numbers from the webpages.  On the same day, attorneys entered appearances for Defendants Kifiray and Tigejoy.  Prior to these appearances, no Defendant had filed any document on the docket or otherwise appeared in the case.

On September 22, 2024, Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome moved for judgment on the pleadings, to vacate the preliminary

---

[1] The opinion is also publicly available at https://www.uspto.gov/sites/default/files/documents/fso-redacted.pdf.

injunction, and for alternative service or to sever.  On September 30, 2024, Gulrear filed its own

motion to vacate the preliminary injunction, joining the other Defendants' outstanding motion.

The Court set an initial briefing schedule for the pending motion for judgment on the pleadings,

motions to vacate the preliminary injunction, and motion for alternative service or to sever on

October 2, 2024.

On October 6, 2024, Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung,

Linstock, Yinyohome, and Gulrear filed a notice of appeal to the Federal Circuit regarding the

preliminary injunction.  In order for this Court to first address their arguments, these Defendants

voluntarily dismissed their appeal, and the Federal Circuit ordered the dismissal of the appeal on

November 20, 2024.  *Chen v. P'ships & Unincorp. Ass'ns Identified on Schedule A*, No. 25-

1049, slip op. at 2 (Fed. Cir. 2024).

On October 17, 2024, Chen filed his first amended complaint, continuing to pursue his

claims as to 31 Defendants.  Chen alleged that each Defendant operates interactive, commercial

e-commerce stores that market and sell the products at issue in this case to Illinois consumers.

Additionally, Chen asserted that, on information and belief, each of the Moving Defendants has

sold the products at issue in this case to customers in Illinois.  Chen attached images to the

amended complaint of the online webpages selling the products at issue in the case and images of

selecting an Illinois shipping location for each product when the product was added to a

consumer's cart.

In light of the amended complaint, this Court denied the pending motion for judgment on

the pleadings as moot and set a briefing schedule on the outstanding motions to vacate the

preliminary injunction and sever, directing "[a]ny defendant that has not filed a motion to vacate

[to] do so by 11/15/2024."  Doc. 100.

The Moving Defendants each answered the amended complaint and asserted in their answers that the Court lacks subject matter jurisdiction over them. The Moving Defendants denied in their answers the allegation that they have sold the products at issue in this case to customers in Illinois. Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, Yinyohome, and Gulrear also attached affidavits to their answer from corporate representatives, describing their ties with Illinois, and making statements similar to: "[m]y estimate of the amount of items sold in Illinois is that it made up a low-single digit percentage of our total sales – certainly less than 1%."[2] Doc. 79-5 at 7. The affidavits are unclear as to whether the products that Defendants have sold in Illinois are the products at issue in this case. UWN and NWESTUN Direct did not attach any such affidavit to their answer, but generally denied that they had sold the products at issue in this case in Illinois and argued personal jurisdiction was improper.

On November 15, 2024, NWESTUN Direct, UWN, and Gulrear moved to vacate the preliminary injunction.[3] Chen opposes each of the Moving Defendants' motions to vacate the preliminary injunction and the motion for alternative service or to sever.

## LEGAL STANDARD

TROs and preliminary injunctions are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). The party seeking such relief must show: (1) it has some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) it will suffer irreparable harm if the court denies relief. *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019). "The two most important considerations are

---

[2] The percentages named in each affidavit vary, ranging from to 0.02% to 5%.

[3] Gulrear filed two motions to vacate the preliminary injunction [60, 108]. It is not clear why Gulrear filed two motions. This Court considers the arguments raised in both motions.

likelihood of success on the merits and irreparable harm." *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023). If the moving party meets this threshold showing, the Court "must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction." *Id.* (citation omitted) (internal quotation marks omitted). "Specifically, the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (citing *Abbott Laby's v Mead Johnson & Co.*, 971 F.2d 6, 11–12 (7th Cir. 1992)), *abrogated on other grounds by Nken v. Holder*, 556 U.S. 418, 434 (2009). The Seventh Circuit has described this balancing test as a "sliding scale": "if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364. Finally, the Court considers whether the injunction is in the public interest, which includes taking into account any effects on non-parties. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

Although the Court has already granted Chen a preliminary injunction, it did so on an *ex parte* basis under circumstances that closely resembled a TRO, and without the benefit of adversarial briefing. Thus, Chen bears the burden of persuading the Court that it should not disturb the injunction. *See Jiaxing Zichi Trade Co. v. Yang*, No. 21 C 973, 2021 WL 4498654, at *3 n.3 (N.D. Ill. Aug. 19, 2021) (citing 42 Am. Jur. 2d Injunctions § 291 ("[W]hen a temporary injunction is issued under circumstances resembling a temporary restraining order, the burden of proof may be on the party seeking the order.")).

6

ANALYSIS[4]

## I. Personal Jurisdiction

First, the Moving Defendants argue that the Court should vacate the preliminary injunction because this Court lacks personal jurisdiction over the Moving Defendants. This Court disagrees and finds that, based on the allegations in the pleadings, Chen has adequately alleged that the Court has personal jurisdiction over the Moving Defendants.

For a preliminary injunction to be valid, the issuing court must have personal jurisdiction over the defendants. *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). At this stage, without an evidentiary hearing, Chen need only establish a prima facie case of personal jurisdiction.[5] *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). The Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "read[s] the complaint liberally with every inference drawn in favor of [the] plaintiff." *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009) (citations omitted). However, the Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by

---

[4] Chen challenges the Moving Defendants' incorporation by reference of much of the motion for judgment on the pleadings [33], which this Court denied as moot. Chen's argument is well-founded because, by incorporating by reference the arguments they raised in that motion, the Moving Defendants essentially received the benefit of additional pages of legal briefing without obtaining leave of the Court. *See* N.D. Ill. LR 7.1 (limiting briefs to 15 pages unless the party receives prior approval from the Court). For the sake of completeness, however, this Court will consider the arguments incorporated by reference from the motion for judgment on the pleadings. The Court reminds the parties of the need to comply with the Local Rules going forward and warns that failure to comply with the Local Rules may result in the striking of noncompliant materials.

[5] While the Moving Defendants have not moved to dismiss the case for a lack of personal jurisdiction, the result of this Court finding a lack of personal jurisdiction would be the dismissal of the case because, without personal jurisdiction, this Court lacks authority to address the merits of this dispute. For that reason, the Court reviews the Moving Defendants' arguments concerning personal jurisdiction as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). *See Li Gear, Inc. v. Kerr Mach. Co.*, No. 16 C 4657, 2017 WL 432931, at *2–3 (N.D. Ill. Feb. 1, 2017) (construing a motion for summary judgment as a motion to dismiss under Rule 12(b)(2) as it was the proper vehicle for such arguments, and without personal jurisdiction, the court could not rule on the merits of the case).

7

the plaintiff." *Id.* "[I]n evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Curry*, 949 F.3d at 393 (citation omitted) (internal quotation marks omitted).

In federal question cases, the Court may exercise personal jurisdiction over a defendant only if "federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Patent Act does not authorize nationwide service of process in this circumstance, and so the Court may exercise jurisdiction over the Moving Defendants only if authorized by both the United States Constitution and Illinois law. *See TechnoLines, LP v. GST AutoLeather, Inc.*, 799 F. Supp. 2d 871, 874 (N.D. Ill. 2011) (citing *Fitzsimmons v. Barton*, 589 F.2d 330, 333 n.2 (7th Cir. 1979)). The Illinois long-arm statute authorizes courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States constitutions. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing 735 Ill. Comp. Stat. 5/2-209(c)). This standard effectively merges the federal constitutional and state statutory inquiries. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). Accordingly, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393; *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010).

The Due Process Clause of the United States Constitution permits a court to exercise jurisdiction when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and

connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). And importantly, "the question of personal jurisdiction hinges on the defendant's—not the plaintiff's—contacts with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023); *see also Purdue*, 338 F.3d at 780 ("Notably, it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity").

Personal jurisdiction may be either general or specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). Neither side argues that the Court can exercise general jurisdiction over the Moving Defendants, so the Court focuses on the specific jurisdiction analysis. Specific jurisdiction is "case-linked." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[T]he suit must arise out of or relate to the defendant's contacts with the forum," meaning "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919). Here, to establish minimum contacts that create specific personal jurisdiction, the Moving Defendants must have purposefully directed their activities at Illinois or purposefully availed themselves of the privilege of conducting business in Illinois, and Chen's alleged injury must arise out of or relate to the Moving Defendants' forum-related activities. *See Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

In his amended complaint, Chen alleges that the Moving Defendants hold themselves out as willing and able to sell the products at issue in this case to Illinois residents and, on

information and belief, the Moving Defendants have sold the products at issue in this case in Illinois. The Moving Defendants have denied these allegations. However, in affidavits attached to their answers, Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, Yinyohome, and Gulrear have admitted to selling at least some products in Illinois, although it is not clear if those are the products at issue in this case. NWESTUN Direct and UWN have presented no evidence to refute Chen's allegations that they made sales in Illinois, although they do deny those allegations. Because Chen's factual allegations that the Moving Defendants have sold the products at issue in the case to Illinois residents are accepted as true and the Moving Defendants do not present evidence to the contrary, Chen has established a prima facie claim of personal jurisdiction. *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 622–24 (7th Cir. 2022) (describing applicable caselaw regarding when an online retailer is subject to personal jurisdiction in Illinois, and that "allowing consumers to order products from a website to the forum, and then carrying out that order, can form the basis of personal jurisdiction").[6]

## II.  Lack of Notice

Next, the Moving Defendants argue they did not receive adequate notice of the preliminary injunction because the Court granted Chen's motion before the date of the hearing noticed for the preliminary injunction and on the same day that counsel appeared for two of the Moving Defendants. The Moving Defendants also seemingly argue that email service in this case was improper because their addresses were available, Chen did not provide the notice in

---

[6] The Moving Defendants take issue with Chen not conducting a "test sale" for each Defendant where he would purchase the products at issue in the case and have them shipped to Illinois. *See, e.g.*, Doc. 108 at 7. However, the Moving Defendants do not offer evidence to refute Chen's factual allegation that they have sold and shipped the disputed products to Illinois. As this Court must accept the facts in the complaint as true, absent any evidence to dispute those assertions, the Court rejects this argument. *See, e.g.*, *NBA Props., Inc.*, 46 F.4th at 622–24; *Curry*, 949 F.3d at 397–402.

Chinese, Chen did not provide the emailed materials multiple times, and Chen did not provide confirmation that the emails were not bounced back or returned as undeliverable.

This Court granted Chen's motion for electronic service of process on August 26, 2024. Summons were issued to Defendants on September 3, 2024. The Moving Defendants do not dispute that Chen sent them notice of the motion for a preliminary injunction on September 6, 2024, by email and publishing the documents on a website.

Federal Rule of Civil Procedure 4(f)(3) "allows courts to permit alternative means of service if the party seeking to use an alternative means obtains permission of the court and those 'other means [are] not prohibited by international agreement.'" *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule A*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021) (quoting Fed. R. Civ. P. 4 (f)(3)). Both the United States and China are signatories to the Hague Service Convention, which governs the service of process in civil matters when a defendant's address is known. *See id.* (describing the Hague Service Convention and its relationship with Federal Rule of Civil Procedure 4(f)). Even accepting the Moving Defendants' argument that the Hague Convention applies to them because Chen could have discovered their addresses with reasonable diligence, Rule 4(f) "does not require a party to attempt service under the [Hague Service] Convention before seeking a court order directing alternative service." *Id.* Whether alternative service is appropriate is a matter within the Court's discretion, and "Rule 4(f) does not indicate a preference for any method of service." *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at *6–7 (N.D. Ill. Apr. 19, 2013). Courts in this district routinely permit email service in similar circumstances. *See, e.g.*, *Klauber Bros., Inc. v. Unincorporated Ass'ns Identified in Schedule A*, No. 23 C 10407, 2024 WL 182209, at *3 (N.D. Ill. Jan. 17,

2024) (collecting cases); *Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 WL 2633317, at *3 (N.D.

Ill. June 25, 2021) (same).

The Moving Defendants also do not persuade the Court with their arguments that Chen

should have provided the notices in Chinese, multiple times, and with confirmation that the

messages did not bounce back. *See Peanuts Worldwide LLC v. P'ships & Unincorporated*

*Ass'ns Identified on Schedule A*, 347 F.R.D. 316, 324 (N.D. Ill. 2024) (rejecting an argument that

the "Plaintiff should have been required to (1) translate the emailed summons to Chinese,

(2) send it multiple times, and (3) confirm that it was not 'bounced back' as undeliverable"

because "[n]one of these steps are required by law, and none were contemplated in the court's

order approving service via email and electronic publication").

To support that the Court should have required Chen to provide service and notices in

Chinese, the Moving Defendants cite to cases where courts from outside of this district have used

their discretion to order service with translations. *E.g.*, *Mwami v. United States*, No. 1:99-cv-

00125, Doc. 23 (D.D.C. Aug. 2, 1999) (granting plaintiff's motion to serve Osama Bin Laden by

publication in Arabic for six weeks). The Moving Defendants do not point to any authority

suggesting that courts typically require such a translation for email service, and the Court has not

located any such authority. *See Klauber Bros., Inc.*, 2024 WL 182209, at *4 (rejecting the same

argument about Chinese translation when a defendant cited the same cases as cited by the

Moving Defendants). Rather, it is within the Court's discretion to determine whether such a

translation is necessary, and the Moving Defendants have not made any argument that they did

not understand the summons or notice. *See id.* (rejecting an argument that translation was

required when the defendant did not offer any evidence it was unable to understand the email

with service of process). Similarly, the Moving Defendants do not point to any authority that

Chen was required to provide service or notice multiple times. Rather, the Moving Defendants cite to cases where courts have used their discretion to order notice by publication and for those publications to be issued for multiple weeks. Doc. 33 at 13. The Court agrees with other courts to consider this argument that service to email addresses that belong to Defendants is not similar enough to service by publication such that multiple notices are required to satisfy due process. *Klauber Bros., Inc.*, 2024 WL 182209, at *5 ("Comparing service by sending an email to an individual email address that indisputably belongs to the defendant to service by publishing a notice in a newspaper where the defendant may be among hundreds of thousands of readers defies logic."); *Peanuts Worldwide LLC*, 347 F.R.D. at 325 (rejecting an argument that a plaintiff should have served the defendant by email multiple times). And finally, the Moving Defendants' argument that Chen should have provided confirmation that his service emails did not bounce back as undeliverable fails because the Moving Defendants do not contest that they received the email notices. *See Klauber Bros., Inc.*, 2024 WL 182209, at *5 (finding that where the defendant did not dispute that it had received the email with service of process, its argument about plaintiff confirming that the email did not bounce back failed); *Peanuts Worldwide LLC*, 347 F.R.D. at 325 (denying an argument that a plaintiff should have provided confirmation that a notice email did not bounce back because the defendant did not submit any evidence contesting that it did actually receive the email notice).

As for their argument that the Court did not provide them with adequate notice and an opportunity to be heard, the Moving Defendants rely on *ABC Corp. I v. Partnership & Unincorporated Associations Identified on Schedule A*, 51 F.4th 1365 (Fed. Cir. 2022). In *ABC Corp.*, the defendants appealed a preliminary injunction that the district court issued before the defendants received notice of the motion for a preliminary injunction and thus had no

opportunity to oppose. *Id.* at 1376 ("Before the entry of the 2020 Preliminary Injunction, no advance notice or opportunity to oppose was given even to then-named defendant Gyroor-US, let alone to the other appellants before us."). The Federal Circuit considered the plaintiff's arguments that the defendants received advance notice when their accounts were frozen or when their counsel received notice, and ultimately rejected those arguments. *Id.*

The Moving Defendants argue that they did not receive adequate notice because, as in *ABC Corp.*, Chen filed the motion for a preliminary injunction on a Friday and the Court ruled on that motion the following Tuesday without a hearing. The Moving Defendants also seemingly argue they did not have an opportunity to be heard because the Court issued the preliminary injunction before the date Chen had noticed for presentment of the motion. The Moving Defendants' arguments misunderstand *ABC Corp.*, however. *ABC Corp.* is materially distinguishable because the plaintiff in that case did not provide the defendants with any notice of the preliminary injunction before it was issued so they had no opportunity to submit their opposition to the motion. By contrast, the Moving Defendants do not dispute that Chen served them with email notices of the motion for a preliminary injunction on September 6, 2024, and that they could have submitted their opposition to the Court on or before September 10, 2024.

Further, to the extent that the Moving Defendants appear to argue that *ABC Corp.* stands for the proposition that the Court should have held a hearing on the motion for a preliminary injunction, even where the Moving Defendants had not presented any opposition or indication that they would oppose, *ABC Corp.* does not support that proposition as its reasoning is focused on notice, *id.* at 1375–76, and other applicable authority is clear that such a hearing is not required, *see, e.g.*, *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808 (7th Cir. 2002) (holding that a district court did not need to hold a hearing before ruling on a motion for a

preliminary injunction where the defendant did not "demonstrate that it has 'and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue the injunction'" (citation omitted)); *Mechling v. Operator of Website Muaythaifactory.com*, No. 21 C 1538, 2021 WL 39110752, at *1 (N.D. Ill Sept. 1, 2021) ("[T]he Court notes that Federal Rule of Civil Procedure 65(a) does not require an evidentiary hearing[.]" (citing *In re Aimster Copyright Litig.*, 334 F.3d 643, 653–54 (7th Cir. 2003))).

### III. Lack of Specificity

Next, the Moving Defendants argue that the preliminary injunction lacks the specificity required by Federal Rule of Civil Procedure 65(d) because it does not adequately describe how the products subject to the preliminary injunction infringed on the Patent and the list of infringing products attached as Exhibit A to the preliminary injunction does not include sufficient detail to identify the products at issue and how each individual product infringed on the Patent.

Federal Rule of Civil Procedure 65(d) requires that the Court issuing a preliminary injunction state the reasons why it issued the injunction specifically and "in reasonable detail, and not by reference to the complaint or other document[s], the act or acts sought to be restrained." *Patriot Homes, Inc. v. Forest River Housing, Inc.*, 512 F.3d 412, 414 (7th Cir. 2008) (citation omitted). The preliminary injunction must "be precise and self-contained, so that a person subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt." *Id.* (quoting *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998)).

The preliminary injunction at issue in this case complies with the requirements of Rule 65(d). *See Grimmway Enters., Inc. v. B&B Organics, Inc.*, No. 3:19-cv-21, 2021 WL 7711105,

15

at *4–5 (N.D. Ind. Nov. 1, 2021) (finding that a preliminary injunction was sufficiently specific to satisfy Rule 65(d) where it was not so unclear or inadequate as to not communicate what the defendant was enjoined from doing and where it clearly defined what assets were subject to the injunction).  It identifies the Patent that the Moving Defendants allegedly infringed, includes a chart depicting the patented design, and that Chen established a prima facie case of patent infringement as to the specific products identified in Exhibit A.  Exhibit A identifies the defendants by their public name and shop webpage URL, as well as the infringing products by their specific product numbers.  Further, the preliminary injunction provides detailed instructions to Defendants on what the Court orders Defendants to do and not do.  The Court also informs Defendants in the preliminary injunction that they may move to dissolve or modify the preliminary injunction, as permitted by the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

The Moving Defendants argue that the preliminary injunction is not adequately specific because its reasoning for why the Moving Defendants' products use infringing versions of the Patent were "conclusory" and "one would have expected Exhibit A to include a detailed description of each Defendants' sales activity, the product at issue, and how the product at issue purports to violate the Plaintiff's Mark."  *E.g.*, Doc. 35 at 9.  The Moving Defendants cite no authority to suggest that Rule 65(d) requires such a degree of specificity, to explain their expectation that Exhibit A would contain that specific information, or to support that the analysis provided by the Court was inadequate.  Authority surrounding Rule 65(d) supports that the rule focuses on providing enjoined parties with fair notice of what is enjoined and why, which the preliminary injunction here does.  *See, e.g.*, *Patriot Homes, Inc.*, 512 F.3d at 415 (explaining that a preliminary injunction was not sufficiently specific where it did not identify the specific

16

proscribed acts or what information was a trade secret); *Grimmway Enters.*, 2021 WL 7711105, at *4 (finding that a preliminary injunction was sufficiently specific where it was clear what the defendant was enjoined from doing).

The Moving Defendants also argue that the information provided in Exhibit A does not adequately identify the products subject to the injunction because some of the specific product numbers, when searched in the websites where the Moving Defendants sold the allegedly infringing products, do not return results. This argument does not persuade the Court. At the time the Moving Defendants filed their motions to vacate the preliminary injunction, they were subject to the preliminary injunction and a TRO preceded the preliminary injunction. Both the preliminary injunction and TRO ordered the Moving Defendants and persons in concert with them to refrain from offering the disputed products for sale. It is not surprising that after the Court's order, some of the allegedly infringing products would no longer appear in searches of the websites. The Moving Defendants do not claim that they cannot identify their own allegedly infringing products based on the product numbers provided. The Court finds that the Moving Defendants have sufficiently specific information to identify the allegedly infringing products.

## IV.    Merits of the Preliminary Injunction

The Moving Defendants also argue that the Court should vacate the preliminary injunction because Chen does not have a reasonable likelihood of success on the merits, Chen would not suffer irreparable harm, and the harm the Moving Defendants suffer as a result of the injunction outweighs the harm Chen would suffer in the absence of the injunction. Chen disputes these arguments and claims he has sufficiently shown his entitlement to a preliminary injunction.

To obtain a preliminary injunction, Chen must establish that he is likely to succeed on the merits of his patent infringement claim. *See Bevis*, 85 F.4th at 1188. Any person who "without authority makes, uses, offers to sell, or sells any patented invention, within the United States" commits patent infringement. 35 U.S.C. § 271(a). When assessing a patent infringement claim, "a court first construes the scope of the asserted claims and then compares them to the accused product." *HexcelPack, LLC v. Pregis LLC*, No. 23 C 15282, 2024 WL 1859025, at *3 (N.D. Ill. Apr. 29, 2024) (citing *TechSearch, LLC v. Intel Corp.*, 286 F.3d 1360, 1371 (Fed. Cir. 2002)). But before doing so, the Court must ensure that the plaintiff possesses a valid patent. *See, e.g.*, *Performance Proxy Rsch., LLC v. Microsoft Corp.*, No. 09 C 6884, 2010 WL 4193272, at *1 (N.D. Ill. Jan. 11, 2010).

Here, the Moving Defendants argue that Chen does not possess a valid patent. In support of this argument, the Moving Defendants submit documents signed by Jie Yang as part of the application for the Patent. Doc. 108-2. The Moving Defendants argue that the Patent is subject to the USPTO's recent decision striking all documents signed by Jie Yang. This Court also reviewed the other documents submitted with the Patent application and takes judicial notice that Jie Yang signed other documents, including the Application Data Sheet. USPTO Patent Center, *29/773,295 DZ-US-ID-21024: Mobile Air Conditioning Kit*, https://patentcenter.uspto.gov/applications/29773295/ifw/docs?application= (last accessed Dec. 5, 2024). Chen does not dispute that a non-registered individual improperly filed documents for the Patent in this case under the name of a registered agent, Jie Yang, and that if the USPTO struck those documents, Chen likely does not possess a valid Patent. Despite this, Chen argues that the USPTO final order does not apply to his Patent because, under his reading, it does not apply to those "applicants who responded to the Show Cause Order and made a showing that

they had acted in good faith." Doc. 115 at 11. However, Chen does not submit any evidence to suggest that he responded to the Show Cause Order and the USPTO final order expressly states that "[t]he USPTO did not receive a response to the Show Cause Order." Further, even accepting Chen's argument that he responded to the Show Cause Order, the language of the USPTO final order does not limit its decision to those applicants who failed to respond to the Show Cause Order or those who acted in bad faith. Rather, the language of the USPTO final order is clear that it strikes "all documents containing the signature of the practitioner Jie Yang" and that any such patent applications are "considered to be deficient to the same extent as if the document had not been filed." Doc. 108-4 at 7.

Based on the clear language of the USPTO final order, it appears that Chen's Patent is likely invalid. Because Chen does not appear to possess a valid Patent, the Court finds that Chen does not have a reasonable likelihood of success on the merits of his claims. For that reason, the Court vacates the preliminary injunction. *Ayoubi v. Wexford Health Servs., Inc.*, 819 F. App'x 439, 441 (7th Cir. 2020) ("Because [plaintiff] cannot show a likelihood of success on the merits, we need not address the other prerequisites to obtain a preliminary injunction." (citation omitted)).

## V.     Motion for Alternative Service or to Sever

Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome move for alternative service or to sever themselves for improper joinder. The Court agrees with these Defendants that their joinder together was improper and grants their request for severance. Because their request for alternative service under Federal Rule of Civil Procedure 5(c) is based on the large number of defendants in this case and severance obviates the need for the alternative severance, the Court denies their requests for alternative service.

19

Under Federal Rule of Civil Procedure 20, a plaintiff may join multiple defendants in a single action if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) a "question of law or fact common to all defendants" exists. Fed. R. Civ. P. 20(a)(2)(A)–(B). When applying Rule 20, "[a] district judge necessarily has considerable discretion." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). However, this discretion is not unlimited as "[u]nrelated claims against different defendants belong in different suits." *Id.* "The remedy for misjoinder of otherwise proper claims is severance or dismissal without prejudice." *Id.*; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

The America Invents Act ("AIA"), codified at 35 U.S.C. § 299, imposes a "higher standard for joinder in patent cases." *Cozy Comfort Co. LLC v. Individuals, Corps. Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 16563, 2024 WL 2722625, at *8 (N.D. Ill. May 28, 2024) (citation omitted). The AIA provides, in relevant part:

> [P]arties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—
>
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

20

35 U.S.C. § 299(a). Further, the statute provides that accused infringers may not be joined "based solely on allegations that they each have infringed the patents or patents in suit." *Id.* § 299(b).

Claims against different defendants arise out of the same transaction or occurrence when "there is a 'logical relationship' between them." *Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332, at *1 (N.D. Ill. Jan. 4, 2024) (quoting *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012)). "Such a relationship requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id.* (citation omitted). For instance, a logical relationship between defendants exists where defendants are corporately related. *Hangzhou Chic*, 2021 WL 2690873, at *1. However, "[a] claim that the defendants infringed on [the plaintiff's] design in the same way" is not enough to establish that the defendants' infringements are part of "the same transaction, occurrence, or series of transactions or occurrences" under § 299. *Tang*, 2024 WL 68332, at *2; *see also Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 21-cv-06197, 2021 WL 5493226, at *2 (N.D. Ill. Nov. 23, 2021) ("Courts in the Northern District of Illinois have held that plaintiffs cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark.").

Here, Chen has not established a logical relationship among Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome beyond that they sell similar products through similar online stores. *See Tang*, 2024 WL 68332, at *2 (finding that joinder was not proper when a "Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent in the same way"). Chen argues that this is a case involves a coordinated swarm of

defendants, which some courts have found establishes a logical relationship among multiple otherwise unrelated defendants. *See Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 511, 516–17 (N.D. Ill. 2020) (holding that there could be a common occurrence among swarms of defendants who are not transactionally or intentionally coordinated). But the facts Chen alleges do not support that these Defendants constitute such a swarm. Based on Chen's allegations, Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome are distinct competitors who independently sell products that allegedly infringe the Patent through similar means, not part of a swarm infringing en masse and passing their products off as those of Chen. *See Tang*, 2024 WL 68332, at *3 (rejecting an argument that defendants were a swarm of counterfeiters passing their products off as those of the plaintiff who owned the valuable trademark, when the facts alleged supported that the case involved distinct competitors infringing in the same manner). Chen's allegations that Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome are "interrelated" and "working in active concert" because they sell similar products and use similar product images, fails as such similarities are not the sort of coordination that *Bose* captures. Doc. 74 at 4; *see Tang*, 2024 WL 68332, at *3. That Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome have shared counsel in responding to this case may suggest some connection among them or it could be entirely innocuous, but sharing counsel alone does not suffice for joinder purposes. *Cf. Roadget Business Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 607, 2024 WL 3338942, at *8 n.7 (N.D. Ill. July 9, 2024) (finding that sharing counsel could suggest a closer relationship between parties than in normal Schedule A cases).

As Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome have persuaded this Court that joinder of them together in this case is not appropriate as they are not adequately related, this Court grants their motion to sever. The Court denies their request for alternative service under Rule 5(c) as moot based on this opinion.

## CONCLUSION

For the foregoing reasons, the Court grants the Moving Defendants' motions to vacate the preliminary injunction [34, 60, 108]. Because Chen has voluntarily dismissed Defendants Brosyda, Kesfitt Patio Direct, and Mrrihand-Cover from this action, the Court denies their motion to vacate the preliminary injunction [106] as moot. Further, the Court grants the motion of Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome to be severed for improper joinder and denies its request for alternative service [36]. The Court orders the Clerk to open individual cases by Chen against each of Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome, and to dismiss Tigejoy, Kifiray, Secure-4u, Richat, Byofi, Wikt, Haikung, Linstock, and Yinyohome from this action.


Dated: January 8, 2025

_____

SARA L. ELLIS
United States District Judge